IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:22-00200

JERMAINE ANTWON JONES


MEMORANDUM OPINION AND ORDER


        In Bluefield, on November 15, 2022, came the defendant

Jermaine Antwon Jones, in person and by counsel, E. Ward Morgan,

Esquire, and came the United States by Timothy D. Boggess,

Assistant United States Attorney, for the purpose of considering

the defendant's plea of guilty to the Information, charging him

with distribution of a quantity of fentanyl, in violation of

Title 21 United States Code, Section 841 (a)(1).  Dylan Shaffer,

United States Probation Officer, appeared on behalf of the United

States Probation Department.

        The court inquired of the defendant, addressing him

personally and by counsel, to determine the competency of the

defendant to proceed.  The court found the defendant competent.

        The Assistant United States Attorney then offered for the

court's consideration and summarized the entirety of a written

plea agreement signed by both the defendant and his counsel,

which signatures the defendant and his counsel acknowledged in
court.

　　　　The court inquired of the defendant, his counsel and
counsel for the United States as to the advantages which accrue
to the defendant and the United States by virtue of a plea of
guilty as opposed to a trial on the merits.  The court informed
the defendant of the maximum penalties to which he will be
exposed by virtue of his plea of guilty and defendant
acknowledged his understanding of the same.

　　　　After considering comments by counsel, the court found the
defendant's decision to enter a guilty plea to be fair to the
interests of both the defendant and the United States for the
reasons stated in court.  The court then conditionally approved
the guilty plea agreement in the interest of the administration of
justice.

　　　　The court next inquired as to the defendant's plea and the
defendant responded that he intended to plead guilty.  The court
explained the range of penalties to which the defendant would be
exposed by virtue of his guilty plea.  The court also explained
the statute under which this action is prosecuted and the elements
which the United States would have had to prove, beyond a
reasonable doubt, had the matter been tried.  The Assistant United
States Attorney then stated the factual basis establishing that

the defendant committed the offense to which he was pleading guilty.  The defendant admitted that the factual basis as stated was substantially true.

The court informed the defendant of his right to be prosecuted by indictment pursuant to Rule 7 of the Federal Rules of Criminal Procedure.  Having been informed of this right, the defendant signed a waiver of right to prosecution by indictment, which signature he acknowledged in open court.

The court informed the defendant, pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure, of the constitutional rights he would waive by pleading guilty to the Information.  The court then determined that the defendant understood those rights.  The court advised the defendant that he could not withdraw his plea if he was dissatisfied with the sentence rendered.

The court inquired of the defendant personally as to whether any threats or promises had been made to him to induce him to plead, whether any predictions were made regarding the sentence he might receive, and whether he had any second thoughts about entering a plea of guilty, to which questions the defendant responded in the negative.

Based upon the defendant's plea of guilty, as well as his factual admission of guilt, the court found that there existed a

factual and legal basis for the defendant's plea of guilty.
Based upon the United States' proffer of evidence against the
defendant, the court found that there also existed an independent
factual basis for the defendant's plea of guilty.  The court
further found that the defendant tendered his plea of guilty
voluntarily and with a full understanding and awareness of the
constitutional and other rights which he gives up by pleading
guilty, and with an awareness of what the United States would
have to prove against him if the case went to trial.  The court
further found that the defendant had an appreciation of the
consequences of his plea and accepted the defendant's plea of
guilty.

Pursuant to Sentencing Guideline § 6B1.1(c), the court
deferred final acceptance of the plea agreement and an
adjudication of guilt pending receipt of the presentence
investigation report.  Accordingly, the court adjudges and the
defendant now stands provisionally guilty of the Information.

The court scheduled the disposition of this matter for
March 6, 2023, at 11:30 a.m., in Bluefield.  The Probation
Department is directed to conduct a presentence investigation in
this matter and to provide a report to this court.  Unless
otherwise directed by this court, the probation officer is not to

4

disclose the officer's sentencing recommendation to anyone except the court.

Sentencing Memoranda are NOT required.  If a party wishes to file a sentencing memorandum, that memorandum must be filed no later than <u>TWO</u> business days prior to the sentencing hearing.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this court.

**IT IS SO ORDERED** this 18th day of November, 2022.

ENTER:

David A. Faber
Senior United States District Judge

5